OPINION
{¶ 1} Defendant-appellant, Mark Spencer, appeals his conviction in the Butler County Court of Common Pleas for insurance fraud. We affirm appellant's conviction.
 {¶ 2} In May 2000, appellant purchased a special edition Harley-Davidson motorcycle from Donald Patty of Sabina, Ohio for $17,500. Patty had purchased the motorcycle at Buckminn's Harley-Davidson ("Buckminn's") in Xenia, Ohio in February 1998. Before selling the bike to defendant, Patty made several additions to the bike, including a luggage rack, mufflers, a trailer hitch, a tour pack, and several other accessories. Patty provided appellant with work orders for these improvements, and receipts for parts and accessories that he had purchased and installed. After purchasing the bike, appellant insured the bike with Cincinnati Insurance Company for losses up to $23,600.
 {¶ 3} On September 1, 2000, appellant's motorcycle was stolen from a parking lot in Middletown, Ohio. Appellant submitted a claim in the amount of $23,500 to Cincinnati Insurance Company. At a meeting with Ken Brandt, a claims adjustor for Cincinnati Insurance Company, appellant submitted a sales document indicating that appellant paid Patty $21,000 for the motorcycle. In addition, appellant submitted receipts and invoices for parts and accessories which totaled $2,902.09, and appellant indicated to Brandt that these were additions and improvements that he had made to the bike. Brandt completed a proof of loss form, which stated that the total value for the bike, including the additions appellant purportedly had made, was $23,909.09. Brandt subtracted a $500 deductible and issued a check in the amount of $23,409.09 to appellant's lender.
 {¶ 4} While reviewing appellant's vehicle theft report, Middletown Police Detective Jerry Mossman noticed that the vehicle identification number ("VIN") appellant had provided was incorrect. Detective Mossman then notified Cincinnati Insurance Company and discovered that appellant had given him the VIN of a different motorcycle that he had previously owned. However, Jack Morgan, Cincinnati Insurance Company's special investigator, had been examining the paperwork appellant had submitted to Brandt, and noticed that the dates, names, and amounts on the documents had been altered. Morgan then compared documents that Buckminn's had on file with the documents that appellant had submitted and discovered that the two sets of documents did not match.
 {¶ 5} Appellant was charged with insurance fraud in violation of R.C. 2913.47(B) for presenting a claim for payment that is false or deceptive in an amount more than $5,000 and less than $100,000, which is a felony of the fourth degree. Following his trial, the jury found appellant guilty of a lesser included offense of R.C. 2913.47(B) for presenting a claim that is false or deceptive in an amount more than $500 and less than $5,000, which is a felony of the fifth degree. The trial court sentenced him to serve five years community control. Appellant appeals his conviction, raising the following assignment of error:
 {¶ 6} "THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT ENTERED A CONVICTION THAT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 7} Appellant argues that the jury did not have enough evidence before it to find him guilty of insurance fraud. Appellant maintains that he provided a plausible explanation as to why he admittedly altered the documents. However, we find that other evidence before the jury overwhelmingly supports his conviction.
 {¶ 8} In determining whether a conviction is against the manifest weight of the evidence, an appellate court must review all evidence presented, including all reasonable inferences that can be drawn from it and consider the credibility of the witnesses, to determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins,78 Ohio St.3d 380, 386, 1997-Ohio-52. However, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of facts. State v. DeHass (1967), 10 Ohio St.3d 230, paragraph one of the syllabus.
 {¶ 9} Appellant was convicted of insurance fraud, in violation of R.C. 2913.47(B)(1), which states:
 {¶ 10} "(B) No person, with purpose to defraud or knowing that the person is facilitating a fraud, shall do either of the following:
 {¶ 11} "Present to, or cause to be presented to, an insurer any written or oral statement that is part of, or in support of, an application for insurance, a claim for payment pursuant to a policy, or a claim for any other benefit pursuant to a policy, knowing that the statement, or any part of the statement, is false or deceptive."
 {¶ 12} Appellant claims that he had Patty's approval to create a sales document that reflected a higher price than the amount he actually paid for the motorcycle. Further, he argues that although he did alter the documents that he submitted to the insurance company, he did so with Brandt's approval.
 {¶ 13} The record indicates that appellant submitted to Brandt a sales document, reflecting a sales price of $21,000. This document had been purportedly signed by Patty, even though Patty testified that he had never seen the document nor had he signed it. Patty further testified that he did not receive $21,000 for the bike, but that appellant paid him $17,500 for it.
 {¶ 14} Appellant testified that he had Patty's permission to put his name on the bill of sale. However, Patty testified that appellant never presented him with a sales document to sign. Patty further testified that appellant did contact him asking if he had any objection to appellant claiming more than what he paid Patty for the bike. Patty said that he simply told appellant that because he no longer owned the bike, he did not care what appellant did. We find that in light of Patty's testimony, the jury was certainly justified in choosing not to believe that appellant had Patty's permission to create a false sales document that inflated the purchase price.
 {¶ 15} Appellant also argues that he was justified in altering the dates on some of the documents to reflect the dates on which he purchased and installed the parts. Appellant testified that he changed the date on one of the receipts so that it would appear that Buckminn's had installed a timing cover on the bike. However, the record indicates that this was a receipt for a previous work order where Buckminn's had installed the part on a different bike that appellant had previously owned. Appellant claimed that he installed the part to the new bike and altered the receipt because that is what Buckminn's would have charged him to perform the work.
 {¶ 16} In addition, the record indicates that appellant altered several receipts for parts that Buckminn's installed for Patty when Patty originally purchased the bike. Appellant testified that he changed the name on the receipt from Patty's to his name to reflect that he was now the owner of the parts. Appellant also stated that he removed a 15 percent discount that Patty had received on the purchased parts, because that discount would not have applied to him.
 {¶ 17} According to the record, these receipts were included in a number of documents that appellant submitted to Brandt. Appellant indicated to Brandt that all of the documents reflected parts and additions that he made to the bike. However, the record indicates that Patty had purchased and installed many of these parts before appellant purchased the bike from him, and the price appellant paid accounted for those additions. Yet, appellant added the cost of these additions to the price he stated that he paid for the bike, even though the parts were already on the bike when he purchased it. While appellant did testify that he personally installed some parts that he had already purchased, it appears that appellant also submitted claims for parts that he did not purchase which were already installed when he purchased the bike from Patty. Thus, the jury reasonably could have discredited appellant's claims based on his admission that he altered some of the sales receipts to reflect that he had purchased parts that were already on the bike when he purchased it from Patty.
 {¶ 18} An appellate court should only vacate a conviction and grant a new trial when the evidence weighs strongly against the conviction. State v. Martin (1983), 20 Ohio App.3d 172, 175. In the case at bar, the jury heard evidence that appellant stated he paid Patty $21,000 for the motorcycle, although Patty testified that appellant had paid $3,500 less. Further, the jury heard appellant testify that he altered dates, amounts, and the name on various receipts, and submitted them so that the value would be added to what he alleged he paid Patty. Thus, the jury did not clearly lose its way in finding that in submitting his claim, appellant knowingly made a false or deceptive statement to an insurer with regard to an amount between $500 and $5,000. Accordingly, the assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.